J-A17043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK DANIELS | : | |
| | : | |
| Appellant | : | No. 2031 EDA 2020 |

Appeal from the PCRA Order Entered September 2, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0100651-2006

BEFORE:  McLAUGHLIN, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    Filed: August 5, 2021

Frank Daniels (Daniels) appeals from the order of the Court of Common

Pleas of Philadelphia County denying his first petition filed pursuant to the

Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   Appointed

counsel has filed a petition to withdraw from representation and an ***Anders***

brief.[1]  We grant the petition to withdraw and affirm the order.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Counsel filed a brief pursuant to ***Anders v. California,*** 386 U.S. 738 (1967).
However, where counsel seeks to withdraw on appeal from the denial of PCRA
relief, a ***Turner/Finley*** no-merit letter is the appropriate filing.   ***See
Commonwealth v. Turner,*** 544 A.2d 927 (Pa. 1988); ***Commonwealth v.
Finley,*** 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  This Court may accept an
***Anders*** brief *in lieu* of a ***Turner/Finley*** letter because an ***Anders*** brief
provides greater protection to an appellant.   ***See Commonwealth v.
Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

We take the following background and procedural history from our independent review of the certified record.

**I.**

On February 26, 2007, after the court conducted a thorough colloquy and he completed a written colloquy in which he admitted to his crime, Daniels entered a negotiated guilty plea to possession of a controlled substance, two counts each of robbery and robbery of a motor vehicle and four counts of possessing an instrument of crime (PIC).[2] The charges stemmed from Daniels' actions on October 20, 2005.

> On that date, Daniels walked into the Friendship Pharmacy[,] jumped over the counter, and pointed what appeared to be a gun at the pharmacist and his wife[,] … and then demanded … the location of the Oxycodone drug. After the pharmacist filled a canvas bag with thousands of Oxycodone pills, Daniels ran from the store [and the pharmacist gave chase].
>
> Following Daniels's exit from the store, he ran up to a lone female who was parking her car, pointed the gun at her head, and [threatened to kill her if she did not give him the vehicle's keys]. The pharmacist and another witness … reached Daniels [who turned to them, and pointed the gun at the female's head again, stating he would kill her]. He subsequently ran away from the three witnesses.
>
> Thereafter, Daniels encountered an off-duty police officer … who was transporting his children to school. Daniels pointed his gun at the officer who sped quickly away in his vehicle. [After dropping off his children a block away, he] returned to the scene to ascertain the whereabouts of Daniels.

---

[2] 35 Pa.C.S. § 780-113(a)(3) and 18 Pa.C.S. §§ 3701, 3702 and 907, respectively.

Meanwhile, Daniels encountered yet a fourth victim … who was stopped at a traffic light with his daughter. Daniels ran up to the vehicle, pointed the gun at [the driver], and [ordered him to get out of the car and] attempted to open the driver's door of the vehicle, all the while pointing his gun at [his head]. At that point, [the] [o]fficer arrived [back] at the scene and ordered Daniels to get down. Rather than complying, Daniels pointed his gun at the officer, ran to the officer's truck, and attempted to open the side door. [He was immediately apprehended and arrested].

(**Commonwealth v. Daniels**, 2521 EDA 2007, unpublished memorandum, at **1-3 (Pa. Super. filed 4/09/2009)); (**see also** N.T. Guilty Plea, 2/26/2007, at 13-15).

On June 14, 2007, with the aid of a Pre-Sentence Investigation (PSI) report, the court sentenced Daniels to an aggregate term of incarceration of not less than thirty nor more than eighty-eight years. Specifically:

[T]en to 20 years [on the first robbery count, due to the] mandatory second strike law. The [second] robbery involving [the woman outside the pharmacy,] I sentence you to a consecutive six to 20 years. I was going to make it eight to 20, but I took into account the plea. Robbery of motor vehicle on first count consecutive five to 20 years, second robbery of motor vehicle consecutive five to 20 years. On each of the possession with instrument of crime, consecutive one to two years. Therefore, it would be four consecutive.

(N.T. Sentencing, 6/14/07); (**see** Sentencing Order, 6/14/07).

On direct appeal, Daniels argued that his aggregate sentence was excessive, and that the four counts of PIC for one continuous criminal transaction was illegal because they should have merged. (**See** Daniels' Statement of Errors, Docket No. 2521 EDA 2007); (**see also Daniels**, **supra** at *4). This Court affirmed the judgment of sentence, finding that the trial

court did not abuse its discretion in imposing his aggregate sentence where it had the benefit of a PSI and considered the sentencing factors, including Daniels' history. Additionally, this Court held that the court did not abuse its discretion in imposing four separate sentences for his four PIC convictions because they:

> clearly arose out of four separate incidents that occurred, sequentially, at different times and locations over a period of time against four distinct victims, and did not involve greater-included or lesser-included offenses. Additionally, none of the four convictions for [PIC] had any dependence or connection to each other.

(**Daniels**, **supra** at **10-11). The Pennsylvania Supreme Court denied further review on September 11, 2009. (**See Commonwealth v. Daniels**, 980 A.2d 605 (Pa. 2009)).

Daniels filed nothing further until approximately ten years later, on August 22, 2019, when he filed his first PCRA petition *pro se* in which he alleged the ineffective assistance of counsel in advising him to enter the guilty plea without subjecting "the Commonwealth's case to any adversarial testing," and that the court's imposition of consecutive sentences for his PIC conviction was an abuse of discretion. (*Pro Se* PCRA Petition, 8/22/19, at 3). Appointed counsel filed a **Turner**/**Finley** no-merit letter on December 27, 2019, but did not file an application to withdraw at that time. In the letter, counsel maintained that he conducted a thorough review of the record, that the petition was untimely, and that, in any event, Daniels' PCRA claims lacked merit because trial counsel provided effective assistance and his sentence was

valid. (**See Turner**/**Finley** Letter, 12/24/19, at 1-12) (pagination provided). Counsel served Daniels with a copy of the no-merit letter. On June 15, 2020, after continuing the matter to allow time for review, the PCRA court served Rule 907 notice of its intent to dismiss the petition without a hearing based on the reasons stated in the **Turner**/**Finley** letter and its own independent review. **See** Pa.R.Crim.P. 907(1). Daniels failed to respond and the court formally dismissed the petition on September 2, 2020.

Although still represented by counsel, Daniels timely appealed *pro se*.[3] In his notice of appeal, he raised three issues in which he alleged for the first time that PCRA counsel failed to adequately represent him by arguing he was innocent, repeated his claims that he entered an unknowing guilty plea where the evidence was insufficient to prove his guilt, and that the court abused its discretion in imposing an illegal sentence. (**See** *Pro Se* Notice of Appeal,

---

[3] Although hybrid representation is not permitted in this Commonwealth, pursuant to the Superior Court Operating Procedure 65.24, "[a] *pro se* notice of appeal received from the trial court shall be docketed, even in instances where the *pro se* [appellant] was represented by counsel in the trial court." 210 Pa. Code § 65.24. **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016).

Daniels' *pro se* notice of appeal failed to state the date of the order being appealed. On December 22, 2020, this Court issued a rule to show cause why the appeal should not be quashed as having been taken from a purported order which is not entered upon the appropriate docket of the lower court. On December 31, 2020, counsel for Daniels filed a response. On March 24, 2021, we granted Daniels ten days to file an amended notice of appeal, and on April 14, 2021, counsel filed an amended notice of appeal stating the appeal was from the September 2, 2020, order.

9/29/20, at 1-2). The court ordered Daniels to file a Rule 1925(b) statement but did not serve PCRA counsel. (*See* Order, 10/16/20, at 2, Proof of Service). No Rule 1925(b) statement was filed.[4]

On December 31, 2020, PCRA counsel filed a motion to withdraw, which the PCRA court did not decide, presumably because the case was on appeal. Counsel filed a motion to withdraw and an *Anders* brief in this Court on April 19, 2021.

## II.

## A.

We must first determine whether the brief meets the procedural requirements of *Turner/Finley*. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007). A *Turner/Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Additionally, counsel must send a

---

[4] The court filed a Rule 1925(a) opinion on December 14, 2020, in which it addressed the issues raised in Daniels' notice of appeal. The Commonwealth has likewise addressed these issues in its appellate brief. Hence, although these issues were not titled as a Rule 1925(b) statement, in effect, Daniels filed his statement of appellate issues prior to the court issuing the Rule 1925(b) order. "The purpose of Rule 1925 is 'to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal.'" *Commonwealth v. Butler*, 812 A.2d 631, 633 (2002). Hence, in the interest of judicial economy, we decline to find waiver.

copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner that he may now proceed *pro se* or retain new counsel.[5]  **See Wrecks**, 931 A.2d at 721.  If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.  **Commonwealth v. Muzzy**, 141 A.3d 509, 511 (Pa. Super. 2016).

Here, counsel's brief details the nature of the case, lists the issues that Daniels wanted reviewed, and explains counsel's reasoning for why the issues are meritless.  Counsel has also sent a copy of the brief and petition to Daniels and informed him by letter dated May 10, 2021, that he has the right to proceed *pro se* or with privately retained counsel.  Thus, counsel has complied with the dictates of **Turner/Finley** and we can address the issues raised in the brief.

**B.**

Counsel identifies the following issues:  1.  Whether PCRA counsel was ineffective for failing to argue that Daniels was innocent; 2. Whether his PCRA petition was "timely and meritorious;" 3. Whether trial counsel was ineffective for failing "to subject the Commonwealth's case to adversarial testing;" and

---

[5] Counsel failed to attach a letter to his petition to withdraw addressed to Daniels advising him of his right to retain counsel or proceed *pro se* in this appeal.  In a May 5, 2021, *per curiam* order, Daniels' counsel was directed to provide the Prothonotary of this Court with a copy of the letter mailed to Daniels informing him of his rights.  On May 18, 2021, counsel provided such letter.

4. Whether the court abused its discretion in imposing "consecutive sentences for the same conviction of [PIC]," resulting in an illegal sentence. (**Anders** Brief, at 6, 10, 12, 14, 16).

We first address the timeliness issue because "[t]he timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Shiloh**, 170 A.3d 553, 557 (Pa. Super. 2017) (citation omitted). A petitioner must file a PCRA petition within one year of the date the underlying judgment becomes final unless he pleads and proves a timeliness exception. **See** 42 Pa.C.S. § 9545(b)(1).

Daniels' sentence became final on December 10, 2009, when his time for appealing our Supreme Court's denial of his request for permission to appeal expired, so his petition, filed on August 27, 2019, is patently untimely. **See** 42 Pa.C.S. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Accordingly, we cannot consider the merits of his PCRA petition unless he pleads and proves one of the following limited exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 8 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Daniels fails to raise any timeliness exception, nor can we liberally construe his claims as raising same. (*See Anders* Brief, at 3-17); *see also Commonwealth. v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) ("[A]llegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.") (citations omitted); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Consequently, because Daniels has failed to plead and prove the applicability of any timeliness exception, the PCRA court lacked jurisdiction to consider the merits of his petition and it was properly dismissed. *See Shiloh, supra* at 557. Daniels' claim does not merit relief and we grant counsel's petition to withdraw.[6]

_____

[6] Having concluded that we lack jurisdiction to consider the appeal's merits, we cannot fully consider Daniels' claims of trial counsel's ineffectiveness or his sentencing issue.

However, we briefly note that Daniels' challenge to the court's imposition of consecutive sentences is a discretionary aspects of sentence claim that is not cognizable under the PCRA. (*See Anders* Brief, at 16-17); *see also*
*(Footnote Continued Next Page)*

Order affirmed.  Petition to withdraw granted.

_____

**Commonwealth v. Prisk**, 13 A.3d 526, 532 (Pa. Super. 2011) ("allegation of excessiveness due to imposition of consecutive sentences implicates discretionary aspects of sentencing") (citation omitted); **Wrecks**, 934 A.2d at 1288 ("Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings.") (citation omitted).  Moreover, even if cognizable, this issue was previously litigated in his direct appeal and, therefore, the PCRA would not afford him relief.  **See** 42 Pa.C.S. §§ 9543(a)(3); 9544(a)(2).

His allegation of counsel ineffectiveness for failing to subject the Commonwealth's case to "adversarial testing" would likewise lack merit because the record supports the court's finding that he entered a knowing and voluntary guilty plea that deprived counsel of the opportunity to challenge the Commonwealth's evidence.  (**See** PCRA Court Opinion, 12/14/20, at 6).

Finally, even if timely, Daniels' claim of PCRA counsel ineffectiveness for failing to raise his claim of innocence instead of filing a **Turner**/**Finley** letter would not be properly before us where Daniels failed to raise any issue regarding PCRA counsel's stewardship in response to the court's Rule 907 notice.  **See Commonwealth. v. Ford**, 44 A.3d 1190, 1200 (Pa. Super. 2012) (This Court may not review claims of PCRA counsel's ineffectiveness that are raised for the first time on appeal because they "must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court."); **see also** Pa.R.A.P. 302(a).  Additionally, although generally new appellate counsel could have been appointed because of this claim, we would have addressed the petition's untimeliness *sua sponte* and found we lacked jurisdiction to consider the merits of his issues, regardless of whether new counsel had been appointed and, therefore, Daniels did not suffer any prejudice.  **See Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa. Super. 2019), *appeal denied*, 218 A.3d 850 (Pa. 2019) (This Court will consider the [PCRA's timing mandate] *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.") (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/21